IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ERIN CASTEEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | VERIFIED COMPLAINT |
| (1) SECOND ROUND SUB, LLC, ) | (Unlawful Debt Collection Practices) |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, Erin Casteel, and for the Verified Complaint against Defendant, Second Round Sub LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Second Round Sub, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

        Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

        Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

        It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4.    Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.    Plaintiff is a natural person who resides in Tulsa County, Oklahoma.

7.    Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Austin, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about December 16, 2014, Defendant filed a lawsuit against Plaintiff in Tulsa County styled *Second Round Sub, LLC v. Erin Casteel*, CS-14-7740, for a previously-disputed consumer debt in the amount of $1,080.49 allegedly purchased by Defendant for the purpose of collection (the "State Court Action").

12. Plaintiff engaged legal counsel to defend the State Court Action. Counsel for Plaintiff filed an Answer denying the debt and sought written discovery from Defendant in May, 2015.

13. Counsel for Plaintiff also sent counsel for Defendant a facsimile correspondence, confirmed to have been received on May 20, 2015, specifically providing Defendant with: 1) the name and address of counsel for Plaintiff and 2) notification that Plaintiff disputed the alleged debt.

14. Instead of responding to the discovery issued by Plaintiff, Defendant dismissed the State Court Action *with prejudice* to re-filing on June 30, 2015.

15. After the dismissal, Plaintiff disputed the debt directly with the Experian credit reporting agency advising the credit reporting agency that Defendant has dismissed the State

Court Action with prejudice. Plaintiff did not contact Defendant directly regarding the new dispute.

16. On July 14, 2015, Defendant sent a letter directly to Plaintiff directing her to contact Defendant. Defendant's letter 1) contained an account number, 2) stated a current balance of $1,346.49, 3) provided a website where online payment could be made, 4) provided a phone number where payment could be made by phone, 5) stated "please cut here and remit top portion with payment in the enclosed envelope", and 6) stated that the letter was "an attempt to collect a debt."

17. The July 14, 2015 letter sent by Defendant to Plaintiff was a communication sent in connection with collection of a debt and, as such, should have been sent to Plaintiff's attorney.

18. 15 U.S.C. § 1692c(a)(2) of the FDCPA provides as follows:

**Communication with the Consumer Generally.**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --**

**(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer….**

19. Defendant was aware of, or could have readily ascertained, Plaintiff's counsel name and address as it had sent pleadings and communication to her counsel through its attorneys, including the most recent dismissal with prejudice of the State Court Action concerning the same debt. Accordingly, Defendant's July 14, 2015 communication constituted a violation of 15 U.S.C. § 1692c(a)(2).

20. In August, 2015, Defendant reported to the Experian and Trans Union credit reporting agency that Plaintiff's debt with Defendant was $1,346, reporting an additional $266 from the amount sought in the State Court Action.

21. Defendant had no statutory or contractual right to collect an additional $266 on the alleged debt.

22. Defendant had no statutory or contractual right to collect any filing fees it incurred in the State Court Action as that matter was dismissed with prejudice.

23. Defendant had no statutory or contractual right to collect any interest from Plaintiff on the alleged debt.

24. In fact, as the State Court Action had been dismissed by Defendant "with prejudice," the debt was adjudicated on the merits, and Defendant had no right to report *any amount* to Plaintiff's credit reports.

25. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

26. Defendant attempted to collect an amount not permitted by law when it attempted to collect $1,346 from Plaintiff, after dismissing the State Court Action "with prejudice," in violation of 15 U.S.C. §§ 1692f and 1692f(1).

27.     Even if the underlying debt was not extinguished by the dismissal of the State Court Action, Defendant attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $266 in costs, interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

28.     Defendant communicated a balance of $1,346 on the alleged debt, which included $266 in costs, interest and fees to which Defendant has no contractual or statutory right.

29.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

30.     15 U.S.C. §1692e of the FDCPA provides as follows:

> **False or misleading representations.**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . .**
>
> **(2) The false representation of—the character, amount, or legal status of any debt. . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

31.     Defendant misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8) when it communicated to Experian and Trans Union a balance which it knew or should have known to be false.

32.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, emotional distress, fear,

frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692c(a)(2) of the FDCPA by communicating with Plaintiff in connection with collection of a debt when it was aware of, or could have readily ascertained, Plaintiff's counsel name and address.

b) Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(8) by misrepresenting the character, amount, or legal status of the alleged debt, when it wrote to Plaintiff in its July 14, 2015 letter and communicated to Experian and Trans Union a balance which it knew or should have known to be false.

c) Defendant violated §§ 1692f and 1692f(1) by attempting to collect an amount not permitted by law when it to collect $1,346 from Plaintiff, after dismissing the State Court Action "with prejudice."

d) Defendant violated §§ 1692f and 1692f(1) by attempting to collect an amount not permitted by law when it to collect an additional $266 in costs, interest and fees from Plaintiff.

**WHEREFORE**, Plaintiff, Erin Casteel, respectfully prays that judgment be entered against Defendant, Second Round Sub, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

  c)  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

  d)  Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
2211@paramount-law.net

VERIFIED COMPLAINT  8

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF TULSA )

Plaintiff, Erin Casteel, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Erin Casteel, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

_____    _____
Date                                          Erin Casteel,
                                                   Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA            )
                             ) ss.
COUNTY OF TULSA              )

Plaintiff, Erin Casteel, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Erin Casteel, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

1/12/16
Date

Erin Casteel,
Plaintiff